IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

League of Women Voters of Ohio, *et al.*,   Case No. 3:05CV7309

      Plaintiffs

  v.   ORDER

J. Kenneth Blackwell, Secretary of State of Ohio,
    and Bob Taft, Governor of Ohio,

      Defendants

Plaintiffs League of Women Voters, *et al.* (LWV) brought this action against defendants J. Kenneth Blackwell and Bob Taft under the Help America Vote Act (HAVA), 42 U.S.C. § 15301; 42 U.S.C. § 1983; and the 14th Amendment of the Constitution of the United States. LWV alleges that Blackwell and Taft did not provide sufficiently uniform state-wide voting standards, the lack of which consequently impaired Ohio citizens' voting rights.

Pending is Jeanne White's motion to intervene. For the following reasons, that motion will be granted.

**Background**

Jeanne White is a resident of Youngstown, Ohio in Mahoning County. On election day, 2004, White voted at her assigned precinct on a direct recording electronic voting machine. The voting machine would not visually register her vote on its screen. Whenever White selected her candidate of choice, the machine "jumped" to a different candidate. She tried several times to correct the problem, but the problem persisted and she could not verify her vote.

White alleges that many other Ohioans' votes were similarly impaired. She seeks prospective equitable relief to ensure Ohio voting machines function properly in the future and can be audited for accuracy

LWV's complaint addresses many problems allegedly caused by Blackwell and Taft's administration of the 2004 election, but it does not address the specific issue White raises or request relief that would remedy that injury. While White's desired relief is different, she claims that her case in all other respects overlaps substantially with this one.

### Discussion

White seeks to intervene either of right under Fed. R. Civ. P. 24(a) or permissively under Fed. R. Civ. P. 24(b).[1] "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact. Once a plaintiff seeking to intervene establishes these two requirements, the court must then balance undue delay and prejudice, if any, to the original parties and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *U.S. v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005).

Though White filed her motion after the deadline to join other parties, defendants consented to the late filing. Thus her motion is timely.

White's proposed claim raises a number of questions of both law and fact common to it and LWV's case. Like LWV, she alleges that defendants' improper administration of the 2004 election impaired her right to vote. The only difference is in the way the injury manifested itself;

---

[1] Because I conclude that permissive joinder is appropriate, no discussion of Rule 24(a) joinder as of right is necessary.

2

a malfunctioning voting machine rather than problems with absentee balloting, registration, provisional balloting, and the other problems described in the original complaint. Her claim has sufficient commonality with the claims in the original complaint to be joined with those claims in this case.

Finally, White's joinder will neither prejudice defendants nor delay this litigation. No prejudice exists because claims concerning Mahoning County already appear in LWV's complaint. In addition, there is no substantial risk of delay. White has agreed to adopt LWV's opposition papers to defendants' motion to dismiss. While defendants are entitled to file an independent responsive pleading to White's claim, under the Amended Case Management Order that pending motion would not delay discovery. Thus, White's joinder creates no disruption to this case's schedule.

## Conclusion

White has met the standard for permissive intervention and her joinder serves the interests of judicial economy. In light of the foregoing, her motion to intervene shall be granted.

It is therefore,

ORDERED that the motion of Jeanne White for leave to intervene be, and the same hereby is granted

So Ordered.

s/James G. Carr<br>
James G. Carr<br>
Chief Judge