IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

League of Women Voters of Ohio, *et al.*,   Case No. 3:05CV7309

      Plaintiffs

   v.   ORDER

J. Kenneth Blackwell, Secretary of State of Ohio,
    and Bob Taft, Governor of Ohio,

      Defendants.

Plaintiffs League of Women Voters, *et al.* (LWV) brought this action against defendants J. Kenneth Blackwell, Secretary of State of Ohio, and Bob Taft, Governor of Ohio, under 42 U.S.C. § 1983 and the Fourteenth Amendment of the Constitution of the United States. LWV alleges Secretary Blackwell and Governor Taft administer a voting process which systematically impairs Ohio citizens' voting rights. Jurisdiction exists under 28 U.S.C. § 1331.

Pending is defendants' motion for leave to take an interlocutory appeal under 28 U.S.C. § 1292(b), of this court's December 2, 2005, Order. For the reasons that follow, that motion shall be granted in part and denied in part.

**Background**

Plaintiffs filed this case July 28, 2005. Defendants subsequently filed a motion to dismiss in which they argued, *inter alia*: 1) LWV failed to state a claim upon which relief could be granted; 2) defendant Secretary Blackwell is an improper defendant; 3) defendant Governor Taft is an improper defendant; 4) the organizational plaintiffs lack standing; and 5) claim preclusion bars LWV's claims.

I granted defendants' motion with respect to LWV's Help America Vote Act claim, but denied it in all other respects. Defendants now seek leave to appeal that order on any or all of those above-described five issues with respect to the remaining claims.

## Discussion

Litigants are generally not entitled to appellate review of court orders prior to a final judgment on the merits. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). In "exceptional cases," however, district courts may grant parties leave to take interlocutory appeals. *In Re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citations omitted); 28 U.S.C. § 1292(b).

To appeal an issue under § 1292(b), a defendant must show: 1) the issue concerns a controlling question of law; 2) there exists substantial ground for difference of opinion on that issue; and 3) immediate appeal would materially advance the ultimate termination of the litigation. *In Re City of Memphis*, 293 F.3d at 350.

### A. Controlling Question of Law

There is no question that each of the issues defendants raise concerns controlling issues of law. "A legal issue is controlling if it could materially affect the outcome of the case." *In re*

*City of Memphis,* 293 F.3d at 351 (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, n. 8 at 1172 (6th Cir. 1992)).

Here, reversal with respect to any of the issues would substantially alter this litigation. A contrary ruling could excuse the organizational plaintiffs, Secretary Blackwell, or Governor Taft as parties, or bar further proceedings in this suit entirely. Thus, all five of the issues defendants raise involve controlling questions of law.

### B. Substantial Ground for Disagreement

Defendants must also demonstrate there exists substantial ground for disagreement with the challenged ruling.

While defendants raise five issues for appeal, substantial ground for disagreement exists only with respect to the first issue: whether plaintiffs failed to state a claim upon which relief may be granted.

This court remains confident its December 2nd Order follows naturally from established precedent. *See Bush v. Gore*, 531 U.S. 98, 109 (2004) (once a state acts with respect to voting rights, it must provide uniform standards to guarantee equal protection); *U.S. v. Mosley*, 238 U.S. 383, 386 (1915) (a state may not deprive citizens of their vote based on where they live); *Reynolds v. Sims*, 377 U.S. 533, 555 (1964) (a state may not minimize the electoral strength of a class of voters through apportionment); *see generally Ury v. Santee*, 303 F. Supp. 119 (N.D.Ill. 1969) (failure to provide adequate voting facilities and sufficient number of trained poll workers impaired citizens' rights to vote and violated equal protection clause); *City of Canton v. Harris*, 489 U.S. 378, 387 (1989) (state officers may be liable for due process violations of inadequately trained state employees); *see also Collins v. City of Harker Heights*, 503 U.S. 115 (1992)

(applying *Harris* to city sanitation workers); *Carter v. City of Philadelphia*, 181 F.3d 339 (3rd Cir.1999) (applying *Harris* to police tactics in recruiting "perjurious witnesses"); *Gonzalez v. Ysleta Indep. Sch. Dist*., 996 F.2d 745 (5th Cir.1993) (applying *Harris* to school board actions).

If "one man, one vote" is to have meaning, it must encompass not only gerrymandered apportionment among legislative districts, *see generally Baker v. Carr*, 369 U.S. 186 (1962), but also other systemic, governmentally-endorsed or -maintained impediments to equal and unimpaired access to the ballot box. Nevertheless, there is substantial disagreement as to how I have platted this as yet largely unexplored uncharted constitutional territory; certainly no precedent compels one outcome over another.[1] Consequently, there is substantial ground for disagreement with regard to whether plaintiffs' constitutional claims are cognizable.

The remaining four issues, however, are well and clearly settled. The precedent applicable to defendants' assertions about claim preclusion, *Mitchell v. Chapman,* 343 F.3d 811, 819 (6th Cir. 2003), state officer liability, *Ex parte Young,* 209 U.S. 123, 157 (1908); *Lawson v. Shelby Cnty*., 211 F.3d 331, 335 (6th Cir. 2000), and standing, *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001), arguments are well settled, controlling, and binding. Indeed, defendants cite no conflicting law in their motion for § 1292(b) certification.

---

[1] To be sure, the fact that an issue is one of first impression is not, without more, grounds for certifying interlocutory review. *See, e.g., U.S. v. Atlas Lederer Co.*, 174 F. Supp. 2d 666, 669 (S.D. Ohio 2001) ("[T]he fact that the Court addressed an issue of first impression in its . . . Decision and Entry does nothing to demonstrate a substantial ground for difference of opinion as to the correctness of that ruling."); *see also First American Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1117 (D.D.C.1996) (same); *FDIC v. First Nat'l Bank*, 604 F. Supp. 616 (E.D. Wis. 1985) (same), *but see Gamboa v. City of Chicago,* 2004 WL 2877339, *4 (N.D.Ill.); *Praxair, Inc. v. Hinshaw & Culbertson*, 1997 WL 662530, at *2 (N.D.Ill.). The dispute in this case involves fundamental issues of paramount importance as to which there is no controlling precedent clearly or directly on point, and as to which substantial disagreement not only about the merits, but the propriety of federal court intervention and the reach of such intervention can, and in my view, does exist.

Because there is no ground for substantial disagreement on these issues, they will not be certified for interlocutory appeal.

### C. Material Advancement of the Ultimate Termination of this Litigation

Finally, § 1292(b) appeal is only appropriate if such interlocutory review would materially advance the ultimate termination of this litigation. Such circumstances exist where appellate review could "appreciably shorten the time, effort and expense exhausted between the filing of a lawsuit and its termination." *Berry v. Sch. Dist. of City of Benton Harbor*, 467 F. Supp. 721, 727 (W.D. Mich.1978).

Here, discovery is well underway, though recently stayed while this motion and defendants' supplemental motion to dismiss were addressed. On entry of this Order and, concurrently, an order overruling the supplemental motion to dismiss, the issue of resuming discovery can and will be revisited.[2]

Thus, to the extent that discovery may continue, the effect of the delay that interlocutory appeal might otherwise cause will be ameliorated. There may be some delay in the trial, but the benefits of seeking interlocutory review outweigh that consequence.

### Conclusion

---

[2] Granting leave to pursue an interlocutory appeal does not mandate a stay of discovery: "where the value of the constitutional rights to be protected far outweighs administrative costs that might be incurred . . . the lower court proceedings such as contemplated here should continue." *Reed v. Rhodes*, 549 F.2d 1050, 1052 (6th Cir. 1979); see also *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (6th Cir.1981) ("where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal."); *U.S. v. City of Chicago*, 534 F.2d 708, 711 (7th Cir. 1976) (same).

5

For the foregoing reasons, I conclude that interlocutory appeal is appropriate to address controlling questions of law as to which there is substantial disagreement, and that this litigation will be advanced materially by interlocutory appellate adjudication of the issue certified herein for review.

It is therefore,

ORDERED that:

1. Defendants' motion for leave to appeal this court's December 2, 2005, Order with respect to the first question, whether plaintiffs' plead a valid claim, shall be, and the same hereby is, granted.

2. Defendants' motion for leave to appeal this court's December 2, 2005, Order in all other respects shall be, and the same hereby is, denied.

3. A telephone conference call is scheduled for February 27, 2006 at 1:30 p.m.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge