IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

League of Women Voters of Ohio, *et al.*,                    Case No. 3:05CV7309

        Plaintiffs

    v.                                                                      ORDER

J. Kenneth Blackwell, Secretary of State of Ohio,
    and Bob Taft, Governor of Ohio,

        Defendants.

    Plaintiffs League of Women Voters, *et al.* (LWV) brought this action against defendants J. Kenneth Blackwell, Secretary of State of Ohio, and Bob Taft, Governor of Ohio, under 42 U.S.C. § 1983 and the Fourteenth Amendment of the Constitution of the United States. LWV alleges Secretary Blackwell and Governor Taft administer a voting process which systematically impairs Ohio citizens' voting rights. Jurisdiction exists under 28 U.S.C. § 1331.

    Pending is defendants' motion to dismiss on the basis of sovereign immunity. For the reasons that follow, that motion shall be denied.

**Procedural Background**

    Plaintiffs filed this case July 28, 2005. Defendants subsequently filed a motion to dismiss in which they did not raise a sovereign immunity defense. That motion was granted in part and denied in part, with plaintiffs' constitutional claims surviving defendants' dismissal request. (Doc. 201).

While that motion was pending, defendants filed a motion seeking leave to file a supplemental motion to dismiss. The gravamen of the supplemental motion to dismiss was that the complaint, as filed, sought prospective relief specifically and solely for the November, 2005, election. Such relief being moot after that election was held, defendants stated that they wanted to seek dismissal on the grounds of sovereign immunity. (Doc. 186).

During a telephone conference on November 21, 2005, shortly after the filing of the defendants' motion for leave to file their supplemental motion to dismiss, plaintiffs stated that their desired relief was not limited to the November, 2005, election, but related to future elections. They acknowledged that oversight on their part caused the complaint's prayer for relief not to have been as expansive as they desired.[1]

During the November 21st telephone conference, the defendants acknowledged that an amended complaint seeking prospective relief as to future elections would resolve the issue raised in their motion for leave to file a supplemental motion to dismiss. They reserved the right, however, to seek dismissal on sovereign immunity grounds once an amended complaint was filed.

---

[1]

Before the defendants filed their motion for leave to file a supplemental motion to dismiss on November 14, 2005, they had not previously called the limited scope of relief set forth in the original complaint to my attention or that of the plaintiffs. If the defendants truly believed the only object of plaintiffs' extensive challenge to how Ohio has conducted elections for the past several decades was to change Ohio's practices for the local elections in November, 2005, the defendants should have pointed out that setting a trial date for 2006 (as occurred at the first case management conference) was futile and foolish. But they did not object to that date, and otherwise conducted themselves in a manner that indicates that they understood the expansive nature of the complaint and implicit scope of the extensive relief sought by plaintiffs. Had the defendants in a timely manner pointed out the technical defect in the complaint as filed, the ensuing procedural tangle described herein would not have arisen.

2

I orally granted leave during the conference to the plaintiffs to file an amended complaint to state their demand for prospective relief. I also overruled without prejudice the defendants' motion for leave to file a supplemental motion to dismiss.

During the November 21st conference, I had notified the parties that I shortly would be filing a decision with regard to the then pending motion to dismiss, and that I expected to grant the motion in part and deny it in part, so that plaintiffs' constitutional claims would remain pending. That decision was filed on December 2, 2006. (Doc. 201).[2]

Defendants filed the pending motion to dismiss on December 7, 2005. In it, in addition to seeking dismissal of the amended complaint [though it seeks only prospective injunctive relief] on the ground of sovereign immunity, defendants restate the arguments overruled in the order of December 2, 2005.

## Discussion

### A. The December 2, 2005, Order Governs This Case

In their motion, defendants raise arguments I considered in their initial motion to dismiss. They contend that because plaintiffs filed an amended complaint, the original complaint is moot, *Klyce v. Ramirez*, 852 F.2d 568 (6th Cir. 1988). They argue, therefore, this court's December 2nd Order is also moot.

---

[2]

During a later telephonic conference, I suggested to the defendants that they might want to consider seeking leave under 28 U.S.C. § 1292(b) to pursue an interlocutory appeal of the December 2, 2005, Order. Though not, apparently, previously considered by the defendants, such approach, it seemed to me, would accomplish what the defendants were seeking by their delayed assertion of sovereign immunity: namely, an opportunity to procure appellate review of my decision overruling their challenge to plaintiffs' constitutional claims.

By order entered concurrently with this order, I am granting the defendants' subsequently filed motion for leave to take a § 1292(b) appeal from the December 2, 2005, Order.

That argument misstates the law. An order denying a motion to dismiss with respect to an original complaint remains in force. *Wrench LLC v. Taco Bell Corp*., 36 F. Supp. 2d 787, 789 (W.D. Mich. 1998). Consequently, a motion to dismiss an amended complaint is no more than a motion for reconsideration to the extent it simply restates arguments already considered and rejected with respect to the original complaint. *Id*.

Reconsideration is only appropriate: "1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice." *Sherwood v. Royal Ins. Co. of America*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

Defendants have not met this burden. Put simply, they cite no intervening authority, new evidence, or indication of a clear error of law demanding a contrary result with respect to the issues of whether: 1) plaintiffs stated cognizable constitutional claims; 2) Secretary Blackwell and Governor Taft are proper parties; and 3) the organizational plaintiffs have standing. Thus, defendants' motion, which is deemed a motion to reconsider, with respect to these issues shall be denied.

Further, even if defendants' motion need not be considered a motion for reconsideration, it must still be denied because the December 2, 2005, Order remains the law of the case. Under that doctrine, the decision of this court at one stage of the case is binding in successive stages of the same litigation. *U.S. v. Todd*, 320 F.2d 399, 403 (6th Cir. 1990) (citing *Christianson v. Colt*

4

*Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)). The doctrine's purpose is to prevent continued litigation of settled issues. *Id.*

A court may depart from the law of the case doctrine only in limited circumstances: "where there is substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice." *U.S. v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (citations and internal quotations omitted). This standard is nearly identical to the one governing motions for reconsideration. See p. 2-3, *supra*. Because defendants' arguments fail as a motion for reconsideration, they similarly fail to dislodge the December 2nd Order as the law of the case.

### B. Sovereign Immunity Does Not Bar Plaintiffs' Claims

States are generally immune from suits brought by their own citizens in federal court. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005) (citing *Hans v. Louisiana*, 134 U.S. 1, 21 (1890)). That immunity does not, however, extend to claims brought against state officials in their official capacity alleging an ongoing failure to comply with federal law and seeking only prospective relief. *Verizon v. Public Serv. Commn.*, 535 U.S. 635, 645 (2002); *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Westside Mothers v. Haveman*, 289 F.3d 852, 860 (6th Cir. 2002). To determine whether sovereign immunity applies, a court conducts only a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon*, 535 U.S. at 645 (internal quotations omitted).

Defendants argue plaintiffs do not allege any ongoing violation of federal law. In particular, Secretary Blackwell and Governor Taft contend LWV alleges only garden variety election problems that even if true, are isolated incidents rather than ongoing violations.

5

That reading misconstrues LWV's claims. Plaintiffs do not allege mere garden variety election problems, but instead argue Ohio administers an election system that unconstitutionally burdens voters' access to the ballot box based solely on where they live. In addition, LWV alleges that Ohio's election officials have failed and continue to fail to train poll workers adequately and that such failure amounts to willful indifference to Ohioans' voting rights. See generally, Doc. 202. Plaintiffs allege that system remains in place and, therefore, any alleged violations are ongoing.

Defendants' sovereign immunity argument restates positions I rejected in their initial motion to dismiss with respect to the nature of plaintiffs' claims. If plaintiffs' claims were limited in the way defendants have tried to present them, then a sovereign immunity defense might be available. LWV's claims, however, are not as defendants would have them and I ruled as much in my December 2nd Order. Thus, defendants' sovereign immunity argument is not well taken.

### C. Defendants' Sovereign Immunity Argument is Frivolous

In their opposition, plaintiffs also urge me to declare defendants' claim of sovereign immunity as unfounded and completely without merit.

A defendant raising a claim of sovereign immunity is typically entitled to immediate interlocutory appeal from a denial of a motion raising that defense. *Yates v. City of Cleveland*, 941 F.2d 444, 448 (6th Cir. 1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). As a result of that, however, the possibility exists for defendants to assert frivolous sovereign immunity defenses as strategic maneuvers to delay litigation. *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).

6

Recognizing that possibility, the Supreme Court permits courts of appeals to take steps to control such abuse. *Behrens v. Pelletier*, 516 U.S. 299, 310 (1996) ("It is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims."). In this circuit, when faced with a baseless claim of sovereign immunity, a district court may certify an appeal as frivolous and retain jurisdiction during the pendency of that appeal. *Yates*, 941 F.2d at 448-49 (citing *Apostol*, 870 F.2d at 1339); *see also Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994).

Defendants' sovereign immunity claim here is without merit. Secretary Blackwell's and Governor Taft's argument rests entirely on a reading of LWV's claim which I specifically rejected in my December 2, 2005, Order. Nevertheless, defendants persisted with a sovereign immunity motion that, in light of my previous ruling, was obviously unfounded. Therefore, that motion shall be certified as frivolous and this court will retain jurisdiction during the pendency of any appeal of this order.

### c. Defendants' Remaining Arguments

Finally, defendants raise two other arguments: 1) the statute of limitations bars plaintiffs' claims under 42 U.S.C. § 1983; and 2) a number of the individual plaintiffs' claims are now moot. Both arguments are without merit.

The statute of limitations for § 1983 violations is two years. *Browning v. Pendelton*, 869 F.2d 989, 992 (6th Cir. 1989). However, if a violation is continuing, the statute of limitations poses no bar. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003).

A violation is continuing if: 1) the defendants' wrongful conduct continues; 2) the injuries to the plaintiffs continue to accrue; and 3) further injuries to the plaintiffs were avoidable

7

if the defendants had at any time ceased their wrongful conduct. *Tolbert v. State of Ohio Dept. of Transp.*, 172 F.3d 934, 940 (6th Cir. 1999) (citing *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 522 (6th Cir 1997)). Here, plaintiffs challenge many allegedly long standing aspects of Ohio's election that they assert remain in effect. In addition, LWV alleges injuries in the past, present, and potentially in the future. Finally, these injuries are allegedly the direct result of defendants' conduct and, consequently, would not have occurred absent that conduct. Thus, the violations LWV alleges are continuing and the statute of limitations poses no bar to plaintiffs' suit.

Finally, defendants' mootness argument with respect to the individual plaintiffs also misconstrues the complaint. Plaintiffs do not seek redress for their particular injuries as violations in and of themselves. Rather, the individual plaintiffs contend their injuries are the effects of an allegedly unconstitutional election administration system.

In this situation, the "case becomes moot only when subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 531 (6th Cir. 2001) (quoting *City of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Here, though defendants claim to have corrected a number of particular problems, they do not contend, and plaintiffs have not acknowledged, that the defendants have "completely and irrevocably" eliminated all possible effects of the alleged violations or otherwise cured the allegedly unconstitutional defects and deficiencies in how Ohio's elections are conducted. Thus, plaintiffs' claims are not moot.[3]

---

[3] Even if defendants had corrected all the alleged problems and sought thereby to avoid any risk of

**Conclusion**

Plaintiffs have brought suit against Secretary Blackwell and Governor Taft in their official capacities for allegedly tolerating and causing continuing violations of federal law. Plaintiffs seek only prospective relief. Sovereign immunity is no bar to their claims. Further, in light of my December 2, 2005, Order, defendants' sovereign immunity motion is unfounded and without merit.

It is, therefore,

ORDERED that:

1. Defendants' motion to dismiss on the basis of sovereign immunity shall be, and the same hereby is, denied;

2. In light of the December 2, 2005, Order, defendants' motion to dismiss on the basis of sovereign immunity is unfounded and without merit; any appeal on the issue of sovereign immunity shall be, and the same hereby is, certified as frivolous; any interlocutory appeal of this decision shall, accordingly, not divest this court of jurisdiction;

3. The December 2, 2005, Order remains the law of the case; accordingly, defendants' motion to dismiss in all other respects shall be, and the same hereby is, denied.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge

---

future harm, in cases of alleged continuing violations there remains a presumption that future injury will occur. *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 109 (1998) (citing *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 632 (1953)). That presumption exists to refute claims of mootness like the ones defendants raise here. *Id.*

9